## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DWILENE HOLBERT, as SPECIAL ADMINISTRATOR for the ESTATE OF NICO COLLINS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.    CIV-20-887-R |
| (1) CIMARRON COUNTY SHERIFF'S DEPARTMENT; (2) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CIMARRON; (3) LEON APPLE, in his official capacity, and in his individual capacity; and, (4-6) JOHN DOES, unknown individuals who were involved but not yet identified, in their individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Dwilene Holbert, as Special Administrator of the Estate of Nico Collins, deceased, for her cause of action against Defendants, alleges and states:

### Jurisdiction and Venue

1.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

2.     This Court has federal question jurisdiction of this action pursuant to 28 U.S.C. § 1331 and venue is proper pursuant to 28 U.S.C. § 1391.

3.     The matter in controversy exceeds $75,000.00, exclusive of costs and interest.

4.     Plaintiff also asserts causes of action arising under Oklahoma law, namely claims for negligence, wrongful death and violation of the Open Records Act. This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

5.     Plaintiff is now, and was at all times material hereto, a resident of Cimarron County, State of Oklahoma.

6.     Plaintiff has been appointed the Special Administrator of the Estate of Nico Collins, deceased. (The decedent shall be referred to as "Mr. Collins" or "Nico Collins.").

7.     Defendant, Cimarron County Sheriff's Department is an agency of a political subdivision located within Cimarron County, Oklahoma.

8.     Defendant, Board of County Commissioners of the County of Cimarron County ("BOCC") is a political subdivision of the State of Oklahoma responsible for the Cimarron County Jail and is properly named pursuant to 19 O.S. § 4.

9.     Defendant Leon Apple ("Defendant Sheriff Leon Apple" or "Leon Apple"), is a duly elected Sheriff of Cimarron County, Oklahoma, a political subdivision of the State of Oklahoma, and is responsible for the operation of the Cimarron County Jail. Leon Apple is sued in both his individual capacity and in his official capacity for acts performed while he was the Sheriff of Cimarron County. Leon Apple is sued for both federal and state law claims. At all times relevant

2

herein, Leon Apple was acting under the color of law and as an employee of Cimarron County, State of Oklahoma. That being said, his conduct violated the standards listed herein and he helped create a standard, practice, procedure, custom and pattern of conduct that violated the constitutional rights of Mr. Collins under both state and federal law.

10.     Defendant Leon Apple, as Sheriff of Cimarron County, is the final policymaker for the Cimarron County Sheriff's Department. There is no other person who has authority over the Sheriff of Cimarron County, acting in his official capacity as Sheriff. Both as to his own conduct and the conduct of his employees, because of his position as Sheriff of Cimarron County, the acts, customs, policies, practices, failure to train and failure to supervise his employees alleged herein are attributable to the county as well as to the Sheriff Leon Apple in his official capacity. In this light, Defendant Leon Apple is also individually liable.

11.     Defendant John Doe(s) 3-5 represent other persons whose identities are not yet known but who may have caused or contributed to Nico Collins' death by virtue of their position(s), acting under the color of law, negligence and/or intentional conduct.

12.     All of the conduct of Defendants Sheriff Leon Apple, the Cimarron County Sheriff's Department, and BOCC was under color of law and within the exercise of State authority within the meaning of 42 U.S.C. § 1983.

13.     By and through Defendant Sheriff Leon Apple, the Cimarron County Sheriff's Department and Cimarron County deliberately failed to take remedial

3

action in the face of actual and/or constructive knowledge of constitutional violations against Mr. Collins.

14.     At all times material herein, Defendant Sheriff Leon Apple, as elected Sheriff of Cimarron County, was responsible for providing detainees at the Cimarron County Jail with reasonable medical care and in charge of the Cimarron County Jail consistent with 57 O.S. § 47.

15.     Pursuant to the Governmental Tort Claims Act, Plaintiff submitted a Notice of Tort Claim which was received by the Clerk of Cimarron County on January 17, 2020. The claim was deemed denied by operation of law on or about April 17, 2020. This case is being filed at this time so as to preserve and protect the Statute of Limitations on behalf of the Plaintiff.

16.     At all times material hereto, Nico Collins was a resident of Texas County, State of Oklahoma.

17.     The acts and/or omissions giving rise to the Plaintiff's claims arose in Cimarron County, State of Oklahoma, which is within the confines of the United States District Court for the Western District of Oklahoma.

### Factual Background

18.     Plaintiff adopts and re-alleges all material allegations in paragraphs 1 through 17 as if set forth below.

19.     On or about February 5, 2019, Nico Collins was arrested on suspicion of Public Intoxication and taken into custody of Defendants Sheriff Leon Apple, Cimarron County Sheriff's Department, BOCC, and John Does 3-5 (hereinafter

4

collectively "Defendants") and placed into Defendants' facility, otherwise known as the Cimarron County Jail.

20.    When Mr. Collins was arrested on February 5, 2019, Mr. Collins was suffering from mental illness and mental health issues.

21.    When Mr. Collins was arrested on February 5, 2019, Mr. Collins was suffering from mental illness, mental health issues, and/or hallucinations, as exhibited by the fact Mr. Collins' reported he was previously arrested, detained, and/or had a previous encounter with police in which one officer was wearing a mask.

22.    The Cimarron County Sheriff's Department, BOCC, and Leon Apple, were familiar with Mr. Collins from prior arrests and/or detentions.

23.    On February 5, 2019, when Mr. Collins was taken into custody, he did not receive an initial medical screening.

24.    On February 5, 2019, Defendants placed Mr. Collins in a cell by himself where he remained until his death on February 5, 2019.

25.    Prior to being placed in the cell, Mr. Collins' medical records were not reviewed by medical personnel for any medical condition that may affect him and Mr. Collins was not given a proper medical screening.

26.    If a medical screening was performed or Mr. Collins' medical records were reviewed by medical personnel before being confined to the cell, no such medical condition or review was documented, and/or have been provided.

5

27.   Defendants knew Mr. Collins posed a risk to himself yet placed Mr. Collins in separate cell away from other prisoners.

28.   Defendants left or allowed an extension cord to be in the cell Mr. Collins was placed and detained despite knowing, or having reasonably notice and knowledge, that Mr. Collins posed a risk to himself based on his psychiatric problems, mental illness, mental health issues, mental state and/or hallucinations.

29.   The policies and procedures of the State of Oklahoma, BOCC, and/or Cimarron County require at least one visual sight check every hour of the inmate and all areas of the cell.

30.   The policies and procedures of the State of Oklahoma, BOCC, and/or Cimarron County require that the hourly visual sight checks of the inmate and all areas of the cell be documented.

31.   The policies and procedures of the State of Oklahoma and Defendants require a detention officer post be located and staffed to monitor all inmate activity either physically or electronically and be close enough to the living areas to respond immediately to calls for assistance and respond to emergency situations.

32.   The policies and procedures of the State of Oklahoma and Defendants require the Cimarron County Jail to be kept in a clean and safe condition, including but not limited to conditions consistent with the requirements of 57 O.S. § 4.

6

33.    The policies and procedures of the State of Oklahoma and Defendants require the premises to be clean and free of any hazardous substances or materials.

34.    The policies and procedures of the State of Oklahoma and Defendants require immediate screening upon admission to the Cimarron County Jail and when such screening has shown a significant medical or psychiatric problem, the inmate shall be frequently monitored by staff.

35.    The policies and procedures of the State of Oklahoma and Defendants require information regarding how to access medical or mental health care service be conspicuously posted.

36.    Defendants did not conduct a medical, mental health, or psychiatric screening to determine Mr. Collins' status while in Defendants' custody.

37.    Defendants did not frequently monitor Mr. Collins while in Defendants' custody.

38.    There was no hourly sight check of Mr. Collins or of the entirety of Mr. Collins' cell.

39.    There was no documented hourly sight check of Mr. Collins or of the entirety of Mr. Collins' cell.

40.    No detention officer was monitoring the activity of the inmates so as to respond immediately to an emergency situation.

41.    The cell which Mr. Collins was confined to was not checked for hazardous substances or materials.

42.    An electrical extension cord was left in Mr. Collins' cell prior to and during Mr. Collins confinement to his cell.

43.    At some point on or about February 5, 2019, Mr. Collins used the electrical extension cord which was left in his cell to hang himself while in Defendants' custody, resulting in Mr. Collins' death by asphyxiation.

44.    Had proper monitoring or inspection of Mr. Collins' cell been performed prior to and during Mr. Collins confinement in his cell, Defendants would have discovered the electrical extension cord within Mr. Collins' cell.

45.    Defendants either knew of, or should have known of Mr. Collins' mental health issues and need for medical or psychiatric care based on their interactions with Mr. Collins, statements of Mr. Collins, and/or statements made by Mr. Collins.

46.    Mr. Collins did not receive a medical screening even though the Cimarron County Jail and Defendants knew or should have known of Mr. Collins' psychiatric problems, mental illness, and/or hallucinations, including the mental health problems and hallucinations Mr. Collins was suffering from on February 5, 2019.

47.    Mr. Collins was not frequently observed by jail staff or Defendants despite the Cimarron County Jail's knowledge, or reasonable and/or constructive knowledge, of Mr. Collins' medical problems, psychiatric problems, mental illness, and/or hallucinations.

48.    Defendant Leon Apple is responsible for establishing procedures, policies, supervision and training for the orderly, lawful and safe operation of the Cimarron County Jail. The duty of Defendant Leon Apple includes ensuring the safety of detainees and the prevention of harm to detainees by law enforcement personnel.

49.    As the Sheriff of Cimarron County, Defendant Leon Apple had the duty and responsibility of ensuring that the Cimarron County Jail operated in a manner that provided and ensured the safety of not only the inmates and detainees, but also the employees of the Cimarron County Sheriff's Office and the public at large.

50.    As the Sheriff of Cimarron County, Defendant Sheriff Leon Apple had the duty of creating a culture and atmosphere of respect for the policies and procedures of the Cimarron County Jail, but also the rule of law and respect for all human beings.

51.    Prior to Mr. Collins' death, Defendant Leon Apple engaged in a pattern and practice of violating policies and procedures and creating a culture in which violation of policies and procedures was tolerated and/or encouraged.

**First Cause of Action – State Law and Negligence Claims**

52.    Plaintiff adopts and re-alleges all material allegations in paragraphs 1 through 51 as if set forth below.

53.     Defendants were negligent in allowing an electrical extension cord to be left or remain in the jail cell in which Mr. Collins was confined.

54.     Defendants were negligent in failing to provide Mr. Collins with appropriate and adequate medical care and screening.

55.     Defendants failed to provide Mr. Collins with a timely examination by a psychiatrist, counselor, or medical professional so as to ensure that he received necessary medical care.

56.     Defendants failed to a) provide Mr. Collins with appropriate psychiatric, mental health, or medical care on or prior to February 5, 2019, and b) take any action to avoid or treat withdrawal symptoms, mental health issues, or mental illness conditions despite knowing (actually, reasonably, or constructively) that Mr. Collins was a specific risk for such problems.

57.     Defendants failed to provide Mr. Collins with reasonable psychiatric, mental health, or medical care throughout his incarceration at Cimarron County Jail.

58.     Defendants failed to perform hourly visual sight checks on Mr. Collins despite the fact that he suffered from multiple medical conditions which necessitated constant monitoring.

59.     Defendants failed to provide a safe and clean environment within the cell Mr. Collins was confined to while in their custody, including failing to remove the electrical extension cord which Defendants knew of or should have known posed a risk to Mr. Collins.

60.    At the time of Mr. Collins' detention, Defendants Jail Staff and the Medical Staff were, or should have been, trained to know intoxicated behavior may mask dangerous medical conditions.

61.    Mr. Collins was arrested and detained on February 5, 2019, for allegedly being publicly intoxicated. However, Mr. Collins was suffering from hallucinations and/or mental illness on the date he was arrested.

62.    Defendants had previous experience with Mr. Collins based on detaining him in the Cimarron County Jail on prior occasions, and knew Mr. Collins had a history of problems with mental illness, alcohol and/or substance abuse and was subject to symptoms of withdrawals.

63.    From the time Mr. Collins was arrested on February 5, 2019, through the time he died on February 5, 2019, Mr. Collins did not consume any drugs or alcohol.

64.    None of the Defendants herein provided care or treatment to Mr. Collins for alcohol or drug withdrawal from the time he was detained on February 5, 2019, through the time he died.

65.    None of the Defendants herein provided screening, care, or treatment to Mr. Collins for mental health issues, hallucinations, or alcohol/drug withdrawal.

66.    From February 5, 2019 and until his death, Defendants failed to ensure the cell which held Mr. Collins was free from hazardous substances and/or materials.

67.     Defendants were negligent in training and implementation of policies to perform inspections of jail cells and monitor arrestees, inmates, and detainees.

68.     Defendants and their employees were negligent in performing inspections of Mr. Collins' jail cell.

69.     Defendants and their employees were negligent in monitoring Mr. Collins in his jail cell.

70.     Defendants failed to train their employees and/or enforce policies to conduct proper and reasonable inspection(s) of jail cells.

71.     Defendants deliberately failed to take remedial action in the face of the constitutional violations and violations of the policies and procedures of the State of Oklahoma and/or Cimarron County.

72.     Defendants were negligent in failing to establish and enforce internal rules, policies and procedures, as well as state law governing the operations of jails within the State of Oklahoma.

73.     Defendants had a duty under state law to the public, and to Mr. Collins, to enforce and uphold internal rules, policies and procedures and state law governing the operations of jails within the State of Oklahoma.

74.     The conduct of Defendants constituted and evinced a deliberate indifference to the rights of Mr. Collins with knowledge that such conduct would cause serious harm or death to Mr. Collins.

75.     The conduct of Defendants fell below reasonable and acceptable standards.

76.    The conduct of Defendants outlined herein was the cause of Mr. Collins death.

77.    Plaintiff has been damaged as a result of Defendants' conduct.

78.    Mr. Collins suffered immensely and died as a result of Defendants' actions. The heirs and next of kin of Mr. Collins suffered as a result of Mr. Collins' death including, but not limited to, the loss of financial support, grief, companionship, medical, burial expenses, and all damages allowable under 12 O.S. §§ 1051-1054.

79.    As a direct and proximate cause of the actions of Defendants, Mr. Collins suffered and wrongfully died. As a result of Defendants and/or Defendants' employees, servants, agents, and/or contractors' negligent, reckless, or intentional acts, Plaintiff has been substantially damaged, including all damages allowable under 12 O.S. §§ 1051-1054.

80.    The violations of law listed above by all Defendants constituted negligence per se under Oklahoma law.

**Further Specific Allegations Against Defendant Leon Apple**

81.    Plaintiff adopts and re-alleges all material allegations in paragraphs 1 through 80 as if set forth below.

82.    Defendant Leon Apple both acted as a final policy maker for the Cimarron County Jail and the operation and supervision of the jail, its employees and the treatment and care of inmates. Further, Defendant Leon Apple was at all times pertinent to this action responsible for approving, ratifying and enforcing the

rules, regulations, policies, practices, procedures, training, and/or customs that violated Mr. Collins' rights as set forth in this Complaint.

83.    As noted, the actions and conduct of Defendant Leon Apple were performed under the color of law and were in clear violations of the policies, procedures and rules, especially to the extent his actions created, developed, and implemented a plan, policy, procedure, habit, training, and/or custom that was contrary to state and federal law.

84.    Defendant Leon Apple knew of these violations of citizen's constitutional rights and acquiesced to the same, without taking any corrective action or disciplining those involved.

85.    Defendants Leon Apple and John Does in violating the polices and procedures of the State of Oklahoma, BOCC, and Cimarron County Sheriff's Department constituted conduct under color of law and such results in individual liability.

## Violations of Civil Rights – 42 U.S.C.§ 1983

86.    Plaintiff adopts and re-alleges all material allegations in paragraphs 1 through 85 as if set forth below.

87.    The Defendants Cimarron County, BOCC, and Leon Apple deprived Mr. Collins of the rights and privileges afforded to him under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

88.   Defendants have an affirmative duty to protect inmates from present and continuing harm and to ensure they receive adequate food, clothing, shelter and medical care.

89.   At all material times herein, Defendants were responsible for implanting policies and procedures for monitoring arrestees and detainees,

90.   At all material times herein, Defendants failed to adequately train its employees, including, but not limited to, failure to adequately train its employees concerning inspections of jail cells for hazardous materials, removal of hazardous materials, monitoring persons in its custody, and monitoring persons it knows or should have known are at risk for harm to themselves which reflects a deliberate indifference to the constitutional rights of Mr. Collins.

91.   At all material times herein, Defendants had an obligation to the citizens of Cimarron County to maintain a jail that provided inmates with access to medical care.

92.   At all times material herein, Defendants had an obligation to the citizens of Cimarron County to ensure that inmates detained at Cimarron County Jail were provided reasonable medical care.

93.   At all times material herein, Defendants were responsible for implementing policies concerning medical care, assisting in developing those policies, funding staff and resources, and in training and supervising employees with regard to said policies.

94.     Mr. Collins did not receive reasonable mental health or medical care while in Defendants' custody despite the facts surrounding Mr. Collins' arrest and/or Defendants' prior knowledge of Mr. Collins' medical and mental health conditions.

95.     The failure of Defendants to adequately attend to Mr. Collins' serious medical and mental health conditions resulted in him experiencing unnecessary pain.

96.     The failure of Defendants to adequately attend to Mr. Collins' serious mental health and medical conditions caused or contributed to his death.

97.     The failure of Defendants to adequately attend to Mr. Collins' serious mental health and medical conditions was in violation of the Eighth Amendment.

98.     The conduct of Defendants evinced a deliberate indifference to the serious medical needs and safety of Mr. Collins.

99.     Defendants exhibited a reckless disregard for the safety and welfare of the inmates detained at Cimarron County Jail when they continued to allow Mr. Collins to remain in the cell with an electrical extension cord present and without properly documented hourly visual sight checks of Mr. Collins and the entirety of Mr. Collins' cell.

100.    The conduct of Defendants violated Mr. Collins' established constitutional rights of which a reasonable person in their position would have known.

101.   At all material times herein, Defendants had an obligation to ensure that all detainees at Cimarron County Jail received reasonable medical care and/or medical screening.

102.   In failing to take any action to provide medical care or protect Mr. Collins', each of the Defendants acted with deliberate indifference to the safety and constitutional rights of Mr. Collins.

103.   Further, as a result of Mr. Collins' serious medical needs, mental illness, and/or hallucinations, Defendants acted with deliberate indifference to Mr. Collins' medical care and needs, including, but not limited to, placement of Mr. Collins in a cell with an electrical extension cord with actual, reasonable, or constructive knowledge of Mr. Collins' mental state and medical needs.

104.   Based on the facts identified herein, including paragraphs 1-103, Defendants were either aware or an inference could be drawn that a serious medical and mental health need existed with Mr. Collins and Defendants deliberately failed to act.

105.   At all material times herein, Defendant Sheriff Leon Apple had an obligation to ensure that all detainees at Cimarron County Jail received reasonable health care, including mental health care.

106.   Mr. Collins did not receive reasonable mental health care or other medical care while in Defendants' custody.

107.   Defendants failed to provide a safe and/or non-hazardous environment within Mr. Collins' cell while Mr. Collins was in Defendants' custody.

108.   Defendants exhibited a reckless disregard for the safety and welfare of Mr. Collins by placing Mr. Collins in a cell which had not been properly inspected. An electrical extension cord was left within the cell, which was exacerbated by the Defendants failing to attend, screen, or provide reasonable medical and mental health care to Mr. Collins despite knowledge surrounding Mr. Collins arrest and/or mental state, all which led to his death.

109.   The above acts or omissions by Defendants are sufficiently harmful to evidence a deliberate indifference to Mr. Collins' serious medical needs, safety, and welfare.

110.   The conduct of Defendants violated Mr. Collins' established constitutional rights which a reasonable person in Defendants' position would have known.

111.   By failing to take action to protect Mr. Collins, each of the Defendants acted with deliberate indifference to the safety and constitutional rights of Mr. Collins which caused or contributed to Mr. Collins' death.

112.   The above acts or omissions by Defendants resulted in Mr. Collins suffering an unnecessary and wanton infliction of pain thereby constituting cruel and unusual punishment forbidden by the Eighth Amendment.

113.   The above acts or omissions deprived Mr. Collins of the minimal civilized measure of life's necessities.

114.   The Defendants' conduct, as listed and described herein, was contrary to both federal and state law and deprived Mr. Collins of his Constitutional

rights. By engaging in the conduct described herein and pursuant to either their policy, practice, custom and procedures or violations of such policies and practice, Defendants breached the duties they owed Mr. Collins.

115.   All of the foregoing was done with reckless disregard of Mr. Collins' constitutional rights.

## Violations of the Oklahoma Open Records Act

116.   Plaintiff adopts and re-alleges all material allegations in paragraph 1 through 115 as if set forth below.

117.   Defendant BOCC is a commission organized pursuant to the laws of the State of Oklahoma and is a public body as defined by 51 O.S. § 24A.3(2) of the Open Records Act.

118.   Defendant Sheriff Leon Apple is and was at all relevant times the Sheriff of Cimarron County and is a "public official" as defined by 51 O.S. § 24A.3(4) of the Open Records Act.

119.   Defendant the Cimarron County Sheriff's Department is and was at all relevant times a "public body" and "law enforcement agency" as defined by 51 O.S. § 24.3(2) and (5) of the Open Records Act.

120.   On or about October 7, 2019, Plaintiff's counsel, on behalf of Plaintiff, served an open records request upon the Defendants for:

> a) Any and all reports, notes, charts, photographs or other file materials relating to the suicide death of Nico Lee Collins occurring on or about February 5, 2019, at the Cimarron County Jail;

      b) Any and all intake information, evaluations and/or questionnaires; and,

      c) Any and all inmate sight check records.

121.   The records requested by Plaintiff came into Defendants' control and/or possession within the transaction of public business, the expenditure of public funds and/or the administering of public property. As such, the requested records and documents are considered "records" as defined by 51 O.S. § 24A.3 of the Open Records Act.

122.   The records requested by Plaintiff are subject to disclosure by Defendants pursuant to the Open Records Act.

123.   Defendants failed to provide any of the requested documents, and upon information and belief, non-privileged information responsive to the Plaintiff's request was withheld.

124.   By withholding said information, Defendants have willfully violated the Open Records Act.

125.   By withholding said information and documents, Defendants have interfered with Plaintiff's ability to fully learn the information surrounding the arrest, confinement, and death of Mr. Collins and damaged Plaintiff's ability to diligently prosecute this case.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment against Defendants for actual and compensatory damages in excess of

$75,000.00, and award punitive damages, attorney fees, costs, and any and all other relief the Court deems just and equitable.

WHEREFORE, Plaintiff respectfully requests this Court issue an Order declaring the rights and duties of the parties in accordance with the Open Records Act, order Defendants to produce the records requested by Plaintiff, and for other such relief as the Court may deem proper including a reasonable attorney fee pursuant to 51 O.S. § 24A.17.

Respectfully Submitted,

HORNBEEK VITALI & BRAUN, P.L.L.C.


 s/ Lane M. Claussen
John E. Vitali, OBA # 12018
Lane M. Claussen, OBA # 31298
3711 North Classen Boulevard
Oklahoma City, OK 73118
vitali@hvblaw.com
claussen@hvblaw.com
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
*Attorneys for Plaintiff, Dwilene Holbert, as Special Administrator of the Estate of Nico Collins, deceased*


ATTORNEY LIEN CLAIMED