IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DWILENE HOLBERT, as SPECIAL )
ADMINISTRATOR for the ESTATE OF )
COLLINS, Deceased, )
)
      Plaintiff, )
)
v. )     Case No. CIV-20-887-R
)
CIMARRON COUNTY SHERIFF'S )
DEPARTMENT; BOARD OF COUNTY )
COMMISSIONERS OF THE COUNTY OF )
CIMARRON; LEON APPLE, in his official )
capacity and in his individual capacity; and )
JOHN DOES, unknown individuals who )
were involved but not yet identified, )
in their individual capacities, )
)
      Defendant. )

## ORDER

Before the Court are three Motions to Dismiss, one brought by Defendant Cimarron

County Sheriff's Department (the "Sheriff's Department"), another by the Board of County

Commissioners of the County of Cimarron (the "Board"), and a third by the Sheriff of

Cimarron County, Leon Apple ("Sheriff Apple"). Doc. Nos. 11, 12.[1] The Plaintiff

responded in opposition to the motions, Doc. Nos. 13, 14, and the Defendants replied in

support of their respective motions. Doc. Nos. 16, 17. The Court finds as follows.

This case arises from the death of Nico Collins while in custody at the county jail

in Cimarron County, Oklahoma. According to the Complaint, Mr. Collins was arrested on

---

[1] While three motions are before the Court, the Plaintiff filed the motions in two documents. Doc. Nos. 11, 12. The Sheriff Department's motion and the Board's motion were filed in Doc. No. 12 and Sheriff Apple's motion was filed in Doc. No. 11.

February 5, 2019, for "suspicion of Public Intoxication." Doc. No. 1, p. 4. At the time of

the arrest, Mr. Collins allegedly suffered from "mental illness, mental health issues, and/or

hallucinations." Doc. No. 1, p. 5. Plaintiffs allege Mr. Collins was taken into custody and—

without an initial medical screening—placed in a cell by himself. *Id.* p. 5, ¶¶ 23–24. Next,

Plaintiff alleges that "an electrical extension cord was left in Mr. Collins' cell prior to [his]

… confinement…," and on the same day he was arrested, Mr. Collins used the extension

cord to hang himself, resulting in his death. *Id.* p. 8, ¶¶ 42–43.

Plaintiff, as representative of the estate of Mr. Collins, then filed suit on September

2, 2020, alleging state law negligence and wrongful death claims; Fourth, Eighth, and

Fourteenth Amendment claims under 42 U.S.C. § 1983; and Oklahoma Open Records Act

violations against all Defendants.

In considering each Motion to Dismiss under Rule 12(b)(6), the Court must

determine whether Plaintiff has stated a claim upon which relief may be granted. The

motion is properly granted when the Complaint provides no "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action.*" Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts

to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations

"must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations

omitted). The Court must accept all the well-pleaded allegations of the Complaint as true

and must construe the allegations in the light most favorable to Plaintiff. *Twombly*, 550

U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the

Court need not accept as true those allegations that are conclusory in nature. *Erikson v.*

*Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001).

"[C]onclusory allegations without supporting factual averments are insufficient to state a

claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

Before reaching the substance of Plaintiffs' claims, the Court finds it simplest to

eliminate redundant claims from consideration. Plaintiff sued the Board and Sheriff Apple

in his official capacity. The official capacity claim against Sheriff Apple is identical to the

claim against the Board because a claim against a government official in his official

capacity "[is] essentially another way of pleading an action against the county or

municipality." *Porro v. Barnes,* 624 F.3d 1322, 1328 (10th Cir. 2010); *see Martinez v.*

*Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) ("[A] claim against [a sheriff] in his official

capacity … is the same as bringing a suit against the county."). Further, pursuant to Okla.

Stat. tit. 19 § 4, a suit against a county must be brought by naming the board of county

commissioners of that county. Accordingly, to avoid duplicity, the claims against Sheriff

Apple in his official capacity are dismissed with prejudice.

Next, the Sheriff's Department moves to dismiss Plaintiff's claims against it on the

grounds that it is "not a legal entity subject to suit." Doc. No. 12, p. 4. Specifically, it

explains that "like any other office or department of Cimarron County, [the Sheriff's

Department] may not be sued under 42 U.S.C. § 1983 or state law because it lacks legal

identity apart from Cimarron County." *Id.* p. 5. In response, Plaintiff "concedes and agrees

[that] the Sheriff's Department is not a proper party." Doc. No. 14, p. 7. Because the

Plaintiff does not dispute it, the Sheriff's Department's motion is GRANTED.

The Court turns to Plaintiff's claims under 42 U.S.C. § 1983 against the Board and Sheriff Apple in his individual capacity. Because Plaintiff was a detainee at the Cimarron County Jail and "[p]unishment constrained by the Eighth Amendment can be imposed only when it 'follow[s] a determination of guilt…'", Plaintiff's § 1983 claims are considered under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *Berry v. Cty of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) (citation omitted). "To state a cognizable claim [for deliberate indifference], Plaintiff 'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (quoting *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001)). This standard includes both an objective component and a subjective component. *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018).

Under the objective prong, the alleged deprivation must be "sufficiently serious to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quotation marks and citation omitted). "A medical need is [objectively] serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Strain*, 977 F.3d at 990 (alteration in original) (citing *Clark*, 895 F.3d at 1267). The allegation that Plaintiff's death was caused by the failure to provide medical care despite knowledge of Plaintiff's "medical problems, psychiatric problems, mental illness, and/or hallucinations" is sufficient to satisfy the objective prong. Doc. No. 1, ¶ 47.

The subjective prong, however, requires "the plaintiff to demonstrate that officials acted with a 'sufficiently culpable state of mind.'" *Vega v. Davis*, 673 F. App'x 885, 890 (10th Cir. 2016) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Further, "a prison official cannot be liable unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self*, 439 F.3d at 1231(quotation marks and citation omitted). Additionally, the subjective component requires the official disregard the risk that is claimed by the plaintiff. *Crocker v. Glanz*, 752 F. App'x 564, 569 (10th Cir. 2018).

## I.      Motion to Dismiss by Sheriff Apple

Defendant Leon Apple ("Sheriff Apple") moves to dismiss Plaintiff's 42 U.S.C. § 1983 claims in his individual capacity on the grounds that the Complaint fails to meet the standard set forth in Fed. R. Civ. P. 12(b)(6) and that he is entitled to qualified immunity. He also argues he is immune from Plaintiff's state law negligence and wrongful death claims under the OGTCA, and that, because he is entitled to dismissal on the Plaintiff's other claims, the Oklahoma Open Records Act claim should be dismissed pursuant to 28 U.S.C. § 1367(c). The Court addresses each argument in turn.

### a.  *Plaintiff States a Plausible 42 U.S.C. § 1983 Claim Against Sheriff Apple*

"When a defendant raises the defense of qualified immunity, the plaintiff bears the burden to demonstrate that the defendant violated his constitutional rights and that the right was clearly established." *Callahan v. Unified Gov't of Wyandotte Cnty.*, 806 F.3d 1022, 1027 (10th Cir. 2015); *see also Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015) ("[B]y

asserting the qualified-immunity defense, Sheriff [*sic*] triggered a well-settled twofold burden that [plaintiff] was compelled to shoulder: not only did she need to rebut the Sheriff's no-constitutional-violation arguments, but she also had to demonstrate that any constitutional violation was grounded in then-extant clearly established law."). Ordinarily, "[i]n this circuit, to show that a right is clearly established, the plaintiff must point to 'a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Garcia v. Escalante*, 678 F. App'x 649, 653–54 (10th Cir. 2017) ((citing *Callahan*, 806 F.3d at 1027 (quoting *Estate of Booker v. Gomez*, 745 F.3d 405, 427 (10th Cir. 2014))).

The Court is free to address either prong of the qualified immunity analysis first. Here, Plaintiff alleges denial of access to medical care by a pretrial detainee, thus, whether the law was clearly established is straightforward. For decades in the Tenth Circuit, it has been clearly established that "pretrial detainees are entitled under the Fourteenth Amendment's due process clause to the same degree of protection regarding medical attention afforded convicted inmates under the eighth amendment." *See, e.g.*, *Martin v. Bd. of Cnty. Comm'rs of Cnty. of Pueblo*, 909 F.2d 402, 406 (10th Cir. 1990). Further, the duty to provide adequate medical care to detainees includes a duty to prevent suicide when the official knows a serious risk of the prisoner detainee committing suicide exists. *See, e.g.*, *Gaston v. Ploeger*, 229 F. App'x 702, 710 (10th Cir. 2007) ("[A] plaintiff bringing such a claim must prove that his jailer was 'deliberately indifferent to a substantial risk of suicide.'"). Accordingly, the Court must now consider whether Plaintiff sufficiently alleged that Sheriff Apple violated Mr. Collins' constitutional rights.

To successfully allege a § 1983 action against a government official in his or her individual capacity, the plaintiff "must plead that [the official], through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir. 1996) (citing *Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir. 1992) (citing *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989)) ("It is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish "a deliberate, intentional act by the supervisor to violate constitutional rights."))).

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011).[2] "[S]upervisory liability allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements … a policy … which subjects or causes to be subjected that plaintiff to the deprivation of any rights … secured by the Constitution." *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015) (internal quotation marks and citation omitted). To state a claim for § 1983 supervisory liability, a plaintiff must allege "(1) the defendant promulgated, created, implemented or possessed responsibility for the continuing operation of a policy that (2) caused the complained-of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

---

[2] Plaintiff may not sue a state actor under § 1983 merely on the grounds of respondeat superior, that is, because an employee of that actor violated the plaintiff's constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (applying principle to prison health contractor).

After construing the facts in the light most favorable to the nonmovant, Plaintiff has sufficiently pled causes of action under § 1983 against Sheriff Apple. First, Plaintiff states that Sheriff Apple was "familiar with Mr. Collins from prior arrests and/or detentions" Doc. No. 1, ¶ 22. Next, Plaintiff alleges that Sheriff Apple was obligated as sheriff to "ensure that all detainees … received reasonable health care, including mental health care," *id.* ¶ 105, but that "Mr. Collins did not receive a medical screening…". *Id.* ¶ 46. Plaintiff alleges that Sheriff Apple "create[d] a culture in which violation of policies and procedures was tolerated and/or encouraged...". Doc. No. 1, ¶ 51. Further, Plaintiff alleged that "Mr. Collins posed a risk to himself based on his psychiatric problems, mental illness, mental health issues, mental state and/or hallucinations," and that yet, he was still placed alone in a cell with an extension cord. Doc. No. 1, ¶ 28. Such allegations are sufficient to push Plaintiff's claims over the plausibility line and to provide Sheriff Apple with fair notice as to the basis of the claims against him. *See generally Twombly*, 550 U.S. at 565 n. 10. Accordingly, Sheriff Apple is not entitled to qualified immunity at this stage and his motion to dismiss Plaintiff's claim is DENIED.

b. *Sheriff Apple is Immune from Suit for Plaintiff's State Law Negligence and Wrongful Death Claims*

Sheriff Apple argues that he is immune from suit from Plaintiff's state law negligence and wrongful death claims under the "OGTCA." Doc. No. 11, p. 26.

Instead of arguing that the OGTCA does not bar its state law claims against Sheriff Apple, Plaintiff responds that the state law claims survive under the Oklahoma Constitution pursuant to *Bosh v. Cherokee Building Authority*, 305 P.3d 994 (Okla. 2013). Doc. No. 14,

p. 24. In *Bosh*, the Oklahoma Supreme Court left open the question of whether Oklahoma Constitutional claims could survive despite an apparent bar under the OGTCA. 305 P.3d at 1001. However, in *Barrios v. Haskell Cnty. Pub. Facilities Auth.*, 432 P.3d 233, 235 (Okla. 2018), the Oklahoma Supreme Court explained that the Legislature—which retains the authority to define the scope of the State's immunity—amended the OGTCA and "clarif[ied] that the State's immunity from suit extended even to so-called 'constitutional' torts." Okla. Stat. tit. 51 §§ 152(14), 153(B).

The Court in *Barrios* explained that the "[O]GTCA's specific prohibition against tort suits arising out of the 'operation or maintenance of any prison, jail or correctional facility' is a legislative determination to which we must now defer." *Barrios*, 432 P.3d 233 at 240. Thus, Plaintiff's claims of state constitutional violations are expressly precluded by the OGTCA and the Oklahoma Supreme Court's holding in *Barrios*. Therefore, Plaintiff's state law negligence and wrongful death claims against Sheriff Apple are DISMISSED.

 *c. Plaintiff's Claim under the Oklahoma Open Records Act*

Because the Court denied Sheriff Apple's motion to dismiss Plaintiff's § 1983 claims against him, the Court declines to dismiss Plaintiff's Oklahoma Open Records Act claim under 28 U.S.C. § 1367(c), and Defendant's motion is DENIED.

**II. Motion to Dismiss by the Board**

The Board argues that it should also be dismissed because it is an improper party and because Plaintiff failed to state a claim of municipal liability against it. Doc. No. 12,

p. 6. Alternatively, it argues that under the Oklahoma Governmental Tort Claims Act ("OGTCA"), it is immune from suit.[3]

### a. The Board is a Proper Party

First, the Board argues that it is not a proper party because it does not "have any final policy-making authority regarding the operations of the county jail." Doc. No. 12, p. 6. Accordingly, the Board reasons that the sheriff—in his official capacity—is the proper Defendant because unlike the Board, the sheriff "is responsible for the proper management of the jail in his county and the conduct of his deputies." Doc. No. 12, p. 7 (citing *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

In response, the Plaintiff argues that the Board is a proper defendant because the Board may be a named party in a suit against a county, and the County here is a proper defendant under Okla. Stat. tit. 19 § 4 and 42 U.S.C. § 1983. Doc. No. 14, pp. 16, 19.

As set forth above at page three, "Under Oklahoma law, claims against a county must be brought by naming the board of county commissioners of that county." *DuBois v. Bd. of Cty. Comm'rs of Mayes Cnty., Oklahoma*, No. 12-CV-677-JED-PJC, 2014 WL 4810332, at *6 (N.D. Okla. Sept. 29, 2014) (citing Okla. Stat. tit. 19 § 4). The Tenth Circuit has explained that a county may be held liable for the actions of its sheriff "as a final policymaker with regard to its jail…". *Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) (explaining that a suit against a sheriff in his official capacity is the same as a suit against the county). While individual county commissioners are not proper defendants for

---

[3] The Board also argues that once the Court dismisses the federal claims against it, it should then "decline to exercise its pendent jurisdiction with regard to Plaintiff's state law claims [under the Oklahoma Open Records Act] for declaratory and injunctive relief…". Doc. No. 12, p. 21.

allegations against the county, the board of county commissioners is. *Meade v. Grubbs*, 841 F.2d 1512, 1527–28 (10th Cir. 1988). In *Meade*, the "plaintiff sought to hold the sheriff and those commissioners liable in their *individual capacities*," and the court explained that it could not because the "*commissioners* acting on the board had no responsibility for supervising and training." *DuBois*, 2014 WL 4810332, at \*6 (citing *id.*) (emphasis in original).

Plaintiff alleges that the sheriff "is responsible for establishing procedures, policies, supervision and training…". Doc. No. 1, p. 9. In *Lopez*, the Tenth Circuit explained that when a sheriff is described "as a final policymaker with regard to its jail…", the board of commissioners for a county is a proper defendant. 172 F.3d at 763; *see also duBois*, 2014 WL 4810332, at \*6 ("Because a sheriff's official policy is county policy and a "county" is sued in the name of its board of county commissioners, … [the Board] is a proper party defendant…") (citing Okla. Stat. tit. 19 § 4). Also, unlike in *Meade*, where the plaintiff sued the individual commissioners, 841 F.2d at 1527–28, the Plaintiff here properly filed suit against the Board as a representative of the county. Thus, the Board is a proper defendant.

The Board also incorporated the arguments made by Sheriff Apple, in his official capacity, in its motion to dismiss, including the allegations that Plaintiff failed to allege a constitutional violation.

To establish a § 1983 claim against the Board, otherwise known as municipal liability, Plaintiff must establish that Mr. Collins' constitutional rights were violated and

that an official policy or custom of the Board caused the violation. *See Schneider v. City of Grand Junctions Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).[4]

> A municipal policy or custom may take the form of (1) "a formal regulation or policy statement"; (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law' "; (3) "the decisions of employees with final policymaking authority"; (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused."

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir. 2010). Plaintiff alleges that Sheriff Apple is a final policymaker on behalf of the Board with regard to the Jail. Doc. No. 1, ¶ 10. Here, the Court previously concluded that the Complaint sufficiently stated a claim against Sheriff Apple in his supervisory capacity under § 1983. Because Plaintiff alleges Sheriff Apple is the final policymaker with regard to the Jail for the county, Plaintiff has sufficiently pled a § 1983 action against the Board; the Board's motion to dismiss Plaintiff's 42 U.S.C. 1983 claims against it is therefore DENIED.

   b. *The Board is Immune from Plaintiff's State Law Negligence and Wrongful Death Claims under the OGTCA*

The Board argues that it is "immune from suit for Plaintiff's state law negligence and wrongful death claims" because the Oklahoma Governmental Tort Claims Act ("OGTCA") does not waive immunity stemming from the operation of a county jail. Doc.

---

[4] As with Sheriff Apple, the Board, via suit against the County, cannot be liable under a theory of respondeat superior. *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000).

No. 12, p. 13. Plaintiff does not respond to the Board's argument that the OGTCA precludes its state law negligence claims.

For the reasons laid out in the Court's analysis of Sheriff Apple's motion above, the Board is also immune from suit from Plaintiff's state law negligence and wrongful death actions, and therefore, Plaintiff's state law claims are DISMISSED.

   c.  *Plaintiff's Oklahoma Open Records Act Claim*

The Board argues that the Court should not exercise pendent jurisdiction over Plaintiff's claims under the Oklahoma Open Records Act, Okla. Stat. tit. 51 § 24A.17, because it should dismiss all of Plaintiff's federal claims. Doc. No. 12, p. 14. However, the Court denied Defendant's motion to dismiss Plaintiff's 42 U.S.C. § 1983 claims against the Board. Thus, it also declines to dismiss Plaintiff's claims under the Oklahoma Open Records Act, and the Board's motion is DENIED.

## III.   Conclusion

In conclusion, the Sheriff department's motion to dismiss is GRANTED, Sheriff Apple's motion is GRANTED IN PART AND DENIED IN PART, as set forth above, and the Board's motion is GRANTED IN PART AND DENIED IN PART, as set forth above.

**IT IS SO ORDERED** on this 12th day of January 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE